CURRY v. THE GEORGIA MIDLAND & GULF RAILROAD CO.

Where the conductor of a freight-train having a cab attached thereto
for the accommodation of passengers, announced distinctly in the
hearing of persons assembled at a place where the train did not
usually stop to receive passengers, that they would not get aboard
there, but that the train would move out and stop for them else-
where, a person who did not hear the announcement was not en-
titled to have the train remain standing at the place where the
announcement was made, until he got aboard. If he was injured
while attempting to board the train at that place, neither the con-
ductor nor any other person engaged in moving the train or con-
trolling its movements being aware that he was endeavoring to
board it, and the cause of his injury was the starting of the train
before he had passed from the platform of the cab to the inside of
the vehicle, his injury was not attributable to any fault of the com-
pany, and he has no cause of action against the company for com-
pensation. On the facts in evidence the plaintiff was not entitled
to recover, and any errors committed by the court in charging the
jury were immaterial and harmless. There was no error in deny-
ing a new trial.

July 17, 1893.

Action for damages. Before Judge BOYNTON. Spald-
ing superior court. August term, 1892.

BRYAN & DICKEN, for plaintiff. GOETCHIUS & CHAPPELL
and BECK & CLEVELAND, for defendant.

BLECKLEY, Chief Justice.

The conductor of the train, which was a freight-train
having a cab attached for the accommodation of passen-
gers, announced distinctly in the hearing of persons as-
sembled where this injury occurred, that passengers
would not get aboard there but the train would move on
and stop for them at another place. This announcement
was made to a collection of persons assembled at a place
where the train did not usually stop to receive passen-
gers. On this occasion it stopped there for another pur-
pose, and the conductor took the precaution to proclaim
that persons were not to board it there but at a desig-
nated place near by. The plaintiff did not hear this

announcement, but that was his misfortune. It was distinctly made and was heard by others. Under these circumstances it could not have been the duty of the company to keep the train standing at that place, which was not a usual place for passengers to get on, so as to afford the plaintiff opportunity to board the train there. It is manifest from the evidence that neither the conductor nor any other person engaged in moving the train or controlling its movements, was aware that the plaintiff intended to get aboard or that he was endeavoring to do so at the time he sustained the injury. His complaint is, that the train started while he was upon the platform of the cab and before he could pass or had passed from thence to the inside of the vehicle. If the place had been one at which the train, or such trains, usually stopped to take on passengers, the plaintiff would have been warranted in taking it for granted that it had stopped for this purpose on the occasion in question. But this place was not a passenger station, and the conductor proclaimed that it was not to be so used at that time, and was not aware that the plaintiff or any one else was under any misapprehension afterwards. The injury was due to a misunderstanding by the plaintiff of the object for which the train was stopped at that place, and the company had no agency in producing that misunderstanding but used the most natural and appropriate means to prevent it, which was to warn the crowd there assembled that they must not get on at that place but at another. The verdict was correct upon elements of fact which controlled the case absolutely, and if errors were committed in charging or refusing to charge the jury, they were immaterial and harmless. Consequently, would afford no cause for granting a new trial.

*Judgment affirmed.*